**Baltazar R. FLORES, Plaintiff-Appellant,**

v.

**Walter E. CRAVEN, Warden, Defendant-Appellee.**

**No. 74-1123.**

United States Court of Appeals, Ninth Circuit.

Sept. 10, 1974.

Certiorari Denied Jan. 27, 1975.

See 95 S.Ct. 833.

---

Michael J. McCabe of Federal Defenders, Inc., San Diego, Cal., for plaintiff-appellant.

Jay M. Bloom, Asst. Atty. Gen., San Diego, Cal., for defendant-appellee.

Before CHAMBERS and GOODWIN, Circuit Judges, and KELLEHER,* District Judge.

## MEMORANDUM

PER CURIAM.

Flores was convicted in a California court on a narcotics charge. His co-defendant, Ramirez, became the principal witness against him after Ramirez and the prosecutor struck a bargain that all charges pending against Ramirez would be dropped, his federal parole would be revoked, and he would be sent to a federal hospital for treatment of his heroin addiction for the remainder of his parole term. Ramirez testified to the substance of this bargain on direct examination, but one element of it he did not reveal. The prosecutor possessed evidence which formed the basis for a new narcotics charge against Ramirez. After Ramirez had agreed to testify, the prosecutor informed him of this potential charge, but promised that it would not be formally filed unless it became necessary to use the charge to assure that his federal parole was revoked.

■■ Flores claims that the prosecution, by failing to elicit testimony or otherwise disclose the existence of this element of the bargain, suppressed evidence material to a determination of Ramirez's credibility. To justify a new trial, the unrevealed evidence must have some possibility of affecting the judgment of the trier of fact. Giglio v. United States, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L.Ed.2d 104 (1972). Here the trial judge, sitting without a jury, was aware that Ramirez was testifying in return for a promise of leniency, that his parole resulting from a conviction on federal charges was to be revoked, and that he was a heroin addict. This information encompassed all of the essential facts needed to weigh the credibility of the witness. Under these circumstances, knowledge of the additional charge,

* The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation.

which at no time had been used to threaten Ramirez with an increased term of imprisonment, and the arrangement concerning it could not have affected the judge's estimation of credibility. A new trial is not required. Id.

The order appealed from is affirmed.